```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK            ONLY
---------------------------------------------------------------- X
FRANKIE HERNANDEZ,                      :
                                        :
                        Petitioner,     :       ORDER
                                        :
         - against -                    :
                                        :       05-CV-5291 (JG) (ARL)
                                        :
GARY GREENE, Superintendent,            :
                                        :
                        Respondent.     :
---------------------------------------------------------------- X
```

JOHN GLEESON, United States District Judge:

    Frankie Hernandez moves pursuant to Fed. R. Civ. P. 60(b)(1) for relief from judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hernandez claims that judgment should be vacated because the Court inadvertently failed to send him a copy of the October 2, 2006 order lifting the stay of his habeas proceeding and informing him that if he wished to have the Court to consider additional claims, he should file an amended petition within thirty days of the date of the order. Hernandez argues that had he received that October 2, 2006 order, he would have amended his petition and would therefore not have been precluded from having his "actual innocence" claim adjudicated by this Court.

    Hernandez, convicted of one count of second-degree murder and one count of second-degree criminal possession of a weapon, was sentenced to concurrent terms of imprisonment of twenty-five years to life and five to fifteen years, respectively, for his crimes.[1]

    On November 7, 2005, Hernandez filed a petition for a writ of habeas corpus in this Court, raising most of the claims that he had raised on direct appeal as well as claims that were denied in his § 440 motion and his two *coram nobis* applications. On January 4, 2006,

---

[1] For a full recitation of the Hernandez's appeal and post-conviction motions, *see Hernandez v. Greene*, No. 05-CV-5291 (JG), 2007 WL 433396 (E.D.N.Y. Feb. 8, 2007).

Hernandez filed a second § 440 motion, claiming that trial counsel was ineffective for failing to call two witnesses to testify at trial; one would have undermined the credibility of the government's eyewitness, and another would have provided Hernandez with an alibi. Attached to the motion were the affidavits of those two potential witnesses, Pete Rosado and Lisa Coreano.

Rosado, an inmate incarcerated with Hernandez, affirmed that he was with Hernandez in Hernandez's home at the time of the crime. Coreano, Hernandez's older niece and after-school care-taker when Hernandez was young, stated that Hernandez did not frequent the neighborhood of Crescent and Weldon Streets in 1982, as the government's eye-witness had testified. Hernandez asserted that these affidavits were not available when he made his first motion to vacate his conviction, so they constitute new and additional evidence.

On January 6, 2006, Hernandez requested that I hold his petition in abeyance while he exhausted his new ineffective assistance claim in state court. In an order dated January 16, 2007, I held the petition in abeyance and informed Hernandez that "In the event [he] does not obtain relief from the state court, he shall notify this court and move to amend his habeas petition within 30 days of that denial. The respondent will then have 30 days in which to file supplemental opposition papers." *See* docket entry dated January 17, 2006.

The state court denied Hernandez's § 440 motion, holding that his claims were procedurally barred because he could have raised them in his previous § 440 motion. The claims were also barred because Hernandez had failed to act with due diligence to place all essential facts on the record before sentencing. Notwithstanding these procedural bars, the state court denied his claims on the merits, concluding that there was no basis for a claim of actual innocence because Hernandez did not allege, either on appeal or in his letters annexed to his

*coram nobis* applications, that he had told counsel of Rosado, his alibi witness. The court also considered Hernandez's nine-year delay in making the claim, finding that such a lengthy delay undermined the legitimacy of his claim. Leave to appeal to the Appellate Division was denied on September 11, 2006. Pursuant to my order dated January 17, 2006, Hernandez had 30 days from September 11, 2006 to notify the Court of the denial of his motion and to move to amend his habeas petition.

In a letter dated September 26, 2006, Hernandez advised the Court that his § 440 motion had been denied and that leave to appeal to the Appellate Division had also been denied. He informed the Court that he had moved in state court to renew his § 440 motion, and he requested that the Court continue to hold his petition in abeyance.

In an order dated October 2, 2006, I denied that request, ordering that the "stay is hereby lifted, and petitioner is directed to file any supplement to his petition regarding that claim by November 1, 2006. The respondent shall file a response by November 22, 2006. The petitioner's September 19, 2006 request for another stay is denied. Oral argument will be held (by teleconference with petitioner) on December 15, 2006 at 9:30 a.m." *See* docket entry 11.

In a letter dated October 9, 2006, Hernandez stated that he had received the order indicating that a hearing would be held on December 15, 2006, and asked what that hearing pertained to. In response, I issued an order dated November 4, 2006, informing Hernandez that he would be provided with an opportunity to highlight certain parts of his habeas petition.

Hernandez appeared telephonically at the December 15, 2006 oral argument, but because he was barely audible, I gave him the opportunity to highlight in writing the reasons why he felt that his petition should be granted. On or about January 22, 2007, he filed an Amended Petition and a Memorandum of Law in support of that amended petition. He added

3

"Ground Seven," which asserted the actual innocence/ineffective assistance of counsel claim that he had raised in his second § 440, for which his petition had been held in abeyance.

By memorandum and order dated February 8, 2007, I denied Hernandez's petition. I assume familiarity with that decision, on which judgment was entered on February 13, 2007. In the first footnote of the decision, I wrote,

> On January 22, 2007, Hernandez submitted an array of papers in further support of his petition. In those papers, Hernandez adds a new claim for relief for his counsel's alleged failure to present certain alibi evidence at trial, predicated upon the ineffective assistance of counsel and "actual innocence." This claim had been pending decision in state court when the instant petition was filed. Hernandez had previously asked that I stay his petition while he prosecuted that claim in state court -- I denied that application on October 2, 2006. *See* Docket Entry 11. Hernandez now asserts that when I attempted to hear Hernandez's oral argument in support of this petition, I "orally granted petitioner permission to amend his petition to include the actual innocence claim." Memorandum of Law in Support of Amended Petition for Writ of Habeas Corpus 12-13. I did no such thing, and I decline to address the claim now.

*Hernandez v. Greene*, 05-cv-5291, 2007 WL 433396, at *1, n.1 (E.D.N.Y. Feb. 8, 2007).

In a letter dated February 27, 2007, Hernandez asked the Court to reconsider its decision not to review his "actual innocence" claim that was raised in his supplemental habeas papers. He claimed that he had never received the Court's October 2, 2006 order denying his request to hold the petition in abeyance, and stated that had he received the order, he would have amended his petition in a timely fashion to include the actual innocence claim. He claimed to have received a separate order dated October 3, 2006 that set the date for oral argument, but made no mention of a deadline for amending his habeas. In a letter dated March 3, 2007, Hernandez provided the Court with the October 3, 2006 letter, and asked the Court to reconsider its decision not to review and decide his actual innocence claim.

In a letter dated March 7, 2007, Hernandez informed the Court that he had received the civil docket sheet for the case, and he saw that there were two orders entered on October 2, 2006, and that by some error, he had not received the order that lifted the stay. He again asked the Court to reconsider its decision.

By order dated March 18, 2007, I held that

> Petitioner reports he did not timely receive an order dated Oct. 2, 2006, denying his Sept. 19, 2006 request for a further stay of his petition to permit him to exhaust additional claims. Assuming that to be the case, it is not a basis for me to reconsider my order denying his petition. Accordingly, the motion for reconsideration is denied. Should petitioner wish to submit a successive petition based upon the additional claims, he is respectfully directed to submit an application to the Court of Appeals.

*See* docket entry dated March 18, 2007.

On March 2, 2007, Hernandez filed a notice of appeal of my decision denying his habeas petition. The Court of Appeals denied Hernandez's application for a certificate of appealability on June 28, 2007 and dismissed the appeal on February 27, 2008. *See* docket entry 32.

Hernandez now moves pursuant to Rule 60(b)(1) to vacate the Court's February 8, 2007 decision and judgment on the same grounds that he sought reconsideration of the decision -- the alleged non-receipt of the Court's October 2, 2006 order. This claim is without merit.

In my March 18, 2007 order, I denied Hernandez's motion for reconsideration, noting that even assuming he had not received the order, that would not be a ground for reconsidering my decision. I informed him that if he wished for me to consider his actual innocence claim, he would have to file an application for a successive petition to the Court of Appeals. Rule 60(b)(1) permits vacatur of a judgment for "mistake, inadvertence, surprise or

5

excusable neglect," but "only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61; *see Greenberg v. Chrust*, No. 01-10080, 2004 WL 585823, at *3 (S.D.N.Y. Mar. 25, 2004). Because Hernandez presents the same arguments that I found unpersuasive nearly a year ago, I see no reason to disturb my ruling of March 18, 2007. Accordingly, Hernandez's 60(b) motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 18, 2008
       Brooklyn, New York